IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Virginia

PBM NUTRITIONALS, LLC

    Plaintiff,

v.                                 Civil Action No. 3:09cv194

ACE AMERICAN INSURANCE CO.,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's Motion to Dismiss for Failure to Join an Indispensable Party (Docket No. 56). For the reasons set forth below, the motion will be denied.

## BACKGROUND

In this Declaratory Judgment Action, PBM Nutritionals, LLC seeks a declaration that it is entitled to insurance coverage as a result of an accident leading to the contamination of private label infant formula that it manufactures at its plant in Burlington, Vermont. See Am. Compl. ¶¶ 2, 13, 14. The only remaining Defendant is Dornoch, Ltd. ("Dornoch").

On May 6, 2008, Dornoch issued a policy of commercial property insurance to PBM Holdings, Inc. ("Holdings") and PBM Nutritionals, LLC ("Nutritionals"). Holdings and

1

Nutritionals, as well as their "affiliated, subsidiary and associated companies and/or corporations," are listed as "Insured" under the insurance policy, and these separate corporate entities enjoy equal status as insureds under the policy.

Holdings and Nutritionals are "affiliated entities under common control." Jamison Decl. at ¶ 1. The shareholders of Holdings and Nutritionals are identical, and each officer of Holdings is also an officer of Nutritionals. Id. at ¶¶ 4, 5. Nutritionals, however, owns the Vermont plant where the accident occurred, and Nutritionals held all title to the product and equipment that was damaged by the accident. Id. at ¶¶ 7-9. Subsequent to the accident, Holdings, through its Executive Vice President, submitted a "Sworn Statement In Proof Of Loss," which both informed Dornoch of the accident and requested coverage under the terms of the insurance policy.

## DISCUSSION

### I. The Applicable Legal Standard

Fed. R. Civ. P. 12(b)(7) permits a court to dismiss an action for failure to join a party in accordance with Rule 19. When such a motion is made, the defendant "bears the burden of showing that [the] plaintiff has failed to join a necessary and indispensable party." R-Delight Holding LLC

v. Anders, 246 F.R.D. 496, 499 (D. Md. 2007). To satisfy this burden, a defendant "may present evidence outside the pleadings, such as affidavits of persons knowledgeable about the party's interest," without converting the motion into one for summary judgment. Id. Moreover, it is settled that dismissal of a case under Fed. R. Civ. P. 19 "is a drastic remedy [] which should be employed only sparingly." Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999).

II. **The Application Of Fed. R. Civ. P. 19**

Rule 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. First, the district court must determine whether the party is "necessary" to the action under Rule 19(a). Nat'l Union Fire Ins. Co. v. Rite ex rel. S.C., 210 F.3d 246, 250 (4th Cir. 2000). If the court determines that the party is "necessary," it must then determine whether the party is "indispensable" to the action under Rule 19(b). Id.

A. **Whether PBM Holdings Is A "Necessary" Party**

Under Rule 19(a)(1), an absent party is "necessary" and must be joined as a party if:

> (A) [I]n that persons' absence, the court cannot accord complete relief among existing parties; or

3

>     (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter *impair or impede the person's ability to protect the interest*; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Id. (emphasis added). If the requirements of either subsection of Rule 19(a)(1) are met, then the absent party shall be joined to the pending litigation, if possible. Id.

On this issue, the dispute between the parties centers on whether, notwithstanding Holdings' status as a non-party to this action, Nutritionals will be able to "virtually represent" the affiliated interests of Holdings in this action. In support of this proposition, Nutritionals argues that: "Where a current party has the identical interests to the non-party, and counsel's motivation and ability to represent the two entities does not differ significantly, the non-party is not a 'necessary party' to the action." Pltf's Opp. at 5. In contrast, Dornoch contends that "Holdings is a necessary [and indispensable] party because a subsequent suit by Dornoch would not be barred by *res judicata*." Def's Reply at 4.

4

*Res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the parties or their privies based on the same cause of action. Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004). "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Id.

To be in privity with a party to a former action, the non-party must be "so identified in interest with a party to [the] former litigation that he represents precisely the same legal right in respect to the subject matter involved." Jones v. SEC, 115 F.3d 1173, 1180 (4th Cir. 1997) (citing Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 493 (4th Cir. 1981)). As the Fourth Circuit remarked in Nash, privity "is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata*." Id. at 494. (internal quotation marks omitted).

There are three generally recognized categories of non-parties who will be considered in privity with a party to the prior action and who will therefore be bound by a

prior adjudication: (1) a non-party who controls the original action; (2) a successor-in-interest to a prior party; and (3) a non-party whose interests were "adequately represented" by the party to the original action. Martin v. Am. Bancorporation Retirement Plan, 407 F.3d 643, 651 (4th Cir. 2005). The third category of adequate representation, which is also known as "virtual representation," is the issue contested here. See id. (recognizing the doctrine of "virtual representation").

In the Fourth Circuit, the doctrine of "virtual representation" has been defined narrowly. Id. In Klugh v United States, 818 F.2d 294 (4th Cir. 1987), the court held:

> Because the doctrine of virtual representation applies principles of *res judicata* to nonparties to a judgment, the doctrine must cautiously be applied in order to avoid infringing on principles of due process. The doctrine of virtual representation does not authorize application of a bar to relitigation of a claim by a nonparty to the original judgment *where the interests of the parties to the different actions are separate or where the parties to the first suit are not accountable to the nonparties who file a subsequent suit.* In addition, a party acting as a virtual representative for a nonparty must do so with at least the tacit approval of the court.

Id. at 300 (emphasis added). Accordingly, "[t]he essential question is whether there is a disclosed relationship in which the party is accorded authority to appear as a party

6

on behalf of others." Id. (internal citation omitted). Nevertheless, "[a] court should hesitate to conclude [] that a litigant can serve as a proxy for an absent party unless the interests of the two are identical." Rite ex rel. S.C., 210 F.3d at 251.

In contending that there can be no "virtual representation" in this case, Dornoch argues that "the critical legal principle that Nutritionals has persistently overlooked . . . is that [Nutritionals and Holdings] are separate legal entities under the law." Def's Reply at 5. Furthermore, Dornoch contends that "Nutritionals has presented evidence that it and Holdings are no more than 'closely aligned.'" Id. at 6.

Dornoch's argument, however, is belied by the facts of this case. As the Executive Vice President and General Counsel for both Nutritionals and Holdings makes clear in his affidavit, Nutritionals and Holdings: (1) are "affiliated" corporate entities; (2) are under "common control;" (3) have identical shareholders; and (4) have the same corporate officers. This explicit disclosure of corporate identity reveals that Holdings and Nutritionals are more than simply "closely aligned," and demonstrates that the corporate interests of Holdings and Nutritionals are inextricably intertwined. See Martin, 407 F.3d at 652

("The essential question is whether there is a disclosed relationship . . . .").

Furthermore, in the particular context of such intertwined corporate "affiliates," courts have routinely found the existence of "virtual representation." See, e.g., Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 135-36 (1st Cir. 1989) ("[S]ince Shearson owns all the stock in the Subsidiary . . . any financial harm to the Subsidiary likely means harm to Shearson as well. It is true that the Subsidiary's 'corporate alter ego' status does not, by itself, mean that the Subsidiary automatically falls outside Rule 19(a). But, in the circumstances of this case, it is one indication that Shearson's counsel's motives and ability to defend Shearson do not differ significantly, as a practical matter, from Shearson's counsel's motives and ability to defend the Subsidiary's interests as well."); Hooper v. Wolfe, 396 F.3d 744, 750 (6th Cir. 2005) (under Rule 19, "there is no reason to believe that the general partner of PPM III will not adequately represent the interests of the partnership as an entity"); Polargrid LLC v. Videsh Sanchar Nigam Ltd., 2006 U.S. Dist. LEXIS 54434, at *28 (S.D.N.Y. Aug. 7, 2006) (a corporate affiliate was not a necessary party because it possessed an interest in the litigation that was

8

"identical" to its corporate counterpart); Wylain v. Kidde Consumer Durables Corp., 74 F.R.D. 434, 437 (D. Del. 1977) (denying Rule 19 motion because the absentees were "wholly within defendant's corporate family").

Hence, because Holdings and Nutritionals exist in privity, any judgment respecting Nutritionals will necessarily bind Holdings under the familiar doctrine of *res judicata*. See Jones, 115 F.3d at 1180.[1] Moreover, with Nutritionals acting as the virtual representative of Holdings, it cannot be said that Holdings' interest in the case will be impaired or impeded by its non-party status. Therefore, Nutritionals is not a necessary party to this litigation under Rule 19(a). Accordingly, it is not necessary to engage in the highly discretionary inquiry under Rule 19(b) respecting whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).[2]

---

[1] Indeed, as noted above, the actual text of the insurance policy insures "PBM Holdings, Inc. and PBM Nutritionals LLC and their affiliated, subsidiary and associated companies/and or corporations as now exist or may hereafter be constituted or acquired." Thus, according to Dornoch's argument, every PBM affiliate, subsidiary, or associated company would be a necessary party to this action because they are listed as the "Insured" under the policy. Understandably, however, Dornoch has not championed this extension of its argument.

[2] Furthermore, pursuant to the above, it is unnecessary to address the section of Dornoch's reply labeled "Dismissal of the Suit is Appropriate for Other Reasons." These reasons include that: (1) there is no "live dispute" between Nutritionals and Dornoch; (2) the necessary parties are already participating in a lawsuit in New York; and (3) New York is the proper forum due to an operative forum

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss for Failure to Join an Indispensable Party (Docket No. 56) is denied.

It is so ORDERED.

/s/ _REP_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 31, 2009

---

selection clause. See Def's Reply at 6. Without commenting on the merits of these additional arguments, it is clear that they are not properly raised because they are not the subject of a motion and are certainly not adequately briefed. If, notwithstanding the contrary allegations it has made in the New York action, Dornoch genuinely, and consistent with the requirements of Fed. R. Civ. P. 11, believes that there is no "live dispute" between it and Nutritionals, Dornoch can file a proper motion and the issue will be decided.